RICHARD J. AND JEAN A. SELMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Selman v. Commissioner
Docket No. 5519-89
United States Tax Court
T.C. Memo 1991-122; 1991 Tax Ct. Memo LEXIS 140; 61 T.C.M. (CCH) 2184; T.C.M. (RIA) 91122; March 19, 1991, Filed *140 Richard J. and Jean A. Selman, pro sese. Cynthia J. Olson, for the respondent. GOFFE, Judge. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION The Commissioner determined a deficiency in petitioners' Federal income tax in the amount of $ 7,918 for the taxable year 1984. This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. The petition was filed over 2 years after the mailing of the statutory notice of deficiency. Petitioners refute respondent's position by contending that the statutory notice of deficiency was not mailed to their last known address. The sole issue presented, therefore, is whether the notice of deficiency was mailed to petitioners' "last known address" within the meaning of section 6212(b). [1]
FINDINGS OF FACT On March 10, 1987, the Commissioner mailed duplicate *141 original statutory notices of deficiency to petitioners, one addressed to "Box 323, Carpenter, Wyoming 82054," and the other addressed to "Ral Rum Ranch, Carpenter, Wyoming 82054." Both notices were returned to the Internal Revenue Service by the U.S. Postal Service with the notation "Attempted -- Not known." The notices covered petitioners' taxable year 1984. On March 17, 1989, the Court received a letter from petitioners which reads, in part, as follows: My wife and I received a letter from IRS district office levying an increase of tax in the amount of $ 13,169. * * * this is the first I have heard about it. All letters from IRS have not been reaching us since we moved after the [1984] return was filed.
The Court filed petitioners' letter as their petition. The letter bore no return address but the envelope containing the letter displayed a return address of "P.O. Box 568, Chama, NM 87520." Petitioners' Federal income tax return for the taxable year 1984 was written in long hand. The address shown on the return is difficult to read. It appears to be "Ral Run Ranches, Carpenter, WY." It bears no ZIP CODE. On February 19, 1986, petitioners executed their Federal income *142 tax return for the taxable year 1985. It was written in long hand and bore the address, "Box 323, Carpenter, WY 81324." The correct ZIP CODE for Carpenter, Wyoming, is 82054. On February 28, 1987, petitioners executed their Federal income tax return for the taxable year 1986. It was written in long hand and bore the address, "Rt. 2, Box 35, Carpenter, WY." It bore no ZIP CODE. OPINION This Court has jurisdiction to redetermine the income tax liability of petitioners only if the petition is timely filed and the notice of deficiency was mailed to their last known address. Sec. 6212(a) and (b)(1); ; . The petition was filed over 2 years after the date of mailing of the statutory notice of deficiency. If the statutory notice of deficiency is valid, the Court would have no jurisdiction and would dismiss the case for lack of jurisdiction because the petition was not timely filed. If, however, the statutory notice of deficiency is not valid, we would dismiss for lack of jurisdiction in favor of petitioners and respondent would presumably be prevented from *143 mailing a new statutory notice of deficiency to petitioners because of the expiration of the period of limitations on assessment of additional income tax. A statutory notice of deficiency is not valid unless it is mailed by certified or registered mail to the taxpayer's last known address. Sec. 6212(a) and (b)(1). Actual receipt of a statutory notice is immaterial if it is mailed to the taxpayer's last known address. , affg. on other grounds ; ; . The address shown on the most recent income tax return filed by the taxpayers is the last known address of taxpayers for purposes of mailing the statutory notice of deficiency unless the taxpayers have given clear and concise notification to the Internal Revenue Service that their address has been changed. . In construing the term "last known address" the courts have focused upon the Commissioner's knowledge *144 of the taxpayer's address at the time the notice of deficiency is mailed rather than what, in fact, may have been the actual address of the taxpayer at that time. ; ; . Petitioners bear the burden of proving that the statutory notice was not mailed to their last known address. , affd. without published opinion ; ; Rule 142(a). The Court of Appeals for the Tenth Circuit, to which the instant case is appealable, has held that the taxpayer's last known address is the address to which the Internal Revenue Service reasonably believes the taxpayer wishes to have the notice mailed. It stated the test as follows in : In recognition of obvious nationwide administrative realities, the burden is on the taxpayer to provide "clear *145 and concise" notice of his current address to the IRS; the IRS is otherwise entitled to rely on the address shown on the taxpayer's tax return for the year in question. * * * "Clear and concise" notice is notice by which the taxpayer indicates to the IRS that he wishes the new address to replace all old addresses in subsequent communication. * * * we follow the Ninth Circuit in our view that a taxpayer's subsequent tax return bearing a new address provides the IRS with "clear and concise" notice. * * *
More recently the Court of Appeals reaffirmed its test and went on to find that any confusion as to the taxpayer's last known address resulted from the conduct of the taxpayer and, therefore, the taxpayer's constitutional rights were not violated when a statutory notice was mailed to that address. . The notices of deficiency were mailed on March 10, 1987, to "Box 323, Carpenter, Wyoming 82054," and to "Ral Rum Ranch, Carpenter, Wyoming 82054." The income tax return for 1984 bore an address written in long hand which appears to us to be "Ral Run Ranches, Carpenter, WY." It bears no ZIP CODE. Between the *146 date of filing the 1984 return and the date of mailing the statutory notices of deficiency, the Internal Revenue Service received petitioners' income tax return for the taxable year 1985 which bore the address "Box 323, Carpenter, WY 81324." The correct ZIP CODE for Carpenter, Wyoming, is 82054. Petitioners' income tax return for the taxable year 1986 bore the address "Rt. 2, Box 35, Carpenter, WY." It bore no ZIP CODE. However, the address appearing on this return, if reflecting an address different from that shown on the return filed for 1985, was not in any event available to respondent's agent at the time the deficiency notice for 1984 was prepared and issued. At the trial petitioners introduced evidence in an attempt to establish notification of their change of address. They introduced a photostatic copy of a U.S. Postal Service Change of Address form dated February 20, 1987, which purports to change their address from "Red Rim Ranch, RFD #323, Carpenter, WY 82054," to "P.O. Box 568, Chama, NM 87520." This form bears no indication that it was ever received by the U.S. Postal Service. It purports to be effective March 1, 1987. If the original of this form were furnished *147 to the Postal Service, the statutory notices would have been forwarded to petitioners after they were mailed by the Internal Revenue Service on March 10, 1987. This would not, however, constitute notice to the Internal Revenue Service that petitioners had changed their address because there is no evidence that it was sent to the Internal Revenue Service. In addition, petitioners failed to establish that the Postal Service ever received it. Petitioners also introduced at trial two letters purported to be to the Internal Revenue Service, one dated February 27, 1987, and the other dated March 21, 1987. Respondent offered evidence to establish that the Internal Revenue Service never received such letters. Petitioners produced no evidence to prove that such letters were mailed. The letter dated March 21, 1987, if authentic, would not be material because it is dated after the mailing of the statutory notices of deficiency. It cannot, therefore, constitute a valid change of address prior to the mailing of the statutory notices. The letter dated February 27, 1987, reads as follows: Internal Revenue Service Ogden, Utah
Dear Sirs, Thankyou [sic] for your information on trusts *148 and fiduciaries that you gave over the phone. I have one other question about the rollover IRA [sic]. If there is a lump sum settlement of a retirement fund, can it be rolled over into a savings account [sic] within 30 days or does it have to be treated as ordinary income? If you have a instruction [sic] on rollovers please send one along with your answer and the forms I requested, otherwise you can reach me at our new address, General Delivery, Chama New Mexico 87520. Sincerely, Richard J. Selman
Although this letter refers to General Delivery, Chama New Mexico 87520, as petitioners' new address, petitioners' income tax return executed on the following day, February 28, 1987, reflects the address "Rt. 2, Box 35, Carpenter, WY." We have no evidence that the Internal Revenue Service ever received the letter dated February 27, 1987, and we have some doubts about its authenticity; but, when it is considered with the income tax return dated the following day, bearing the Carpenter, Wyoming, address, we cannot consider petitioners to have given the Internal Revenue Service a clear direction of their change of address. This cannot be the "clear and concise" notice required by *149 this Court and the Courts of Appeals. In addition, we point out that much of the confusion which existed as to petitioners' last known address must be charged to their own conduct. They filled in the income tax return forms in long hand which was not legible. In some instances they failed to insert the ZIP CODE and in one instance they inserted the wrong ZIP CODE. Based upon the entire record we hold that the Internal Revenue Service acted reasonably on the information it had at the time it mailed the statutory notices of deficiency, and they were, therefore, mailed to petitioners' last know address. The petition will be dismissed because it was not filed within 90 days of the mailing of the statutory notices of deficiency. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year 1984 and Rule numbers refer to the Rules of Practice and Procedure of this Court.↩